[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Jean Bridges, a resident of the Glastonbury Health Care Center, applied for Medicaid benefits because her income did not cover her living expenses at the Center. She appeals from the final decision of the Department of Social Services (hereafter "the department") denying her Medicaid benefits because she owns excess assets, and was therefore, not eligible for assistance under Title XIX of the Medicaid program. At issue is her 10 percent interest in a partnership, which owns a mini-mall in Bloomfield Connecticut, with an assessed value slightly in excess of $1,000,000.00. Plaintiff claims on appeal that the asset was inaccessible to her and therefore should not be counted in determining her eligibility for assistance. Further, she claims the department's actions led to her ownership of this asset as well as her inability to dispose of it, based on the department's erroneous valuation by failing to consider a mortgage outstanding against the real estate. Given its conduct, she claims that the department should be estopped from denying her benefits. For the reasons set forth in detail below, the court finds that the decision of the hearing officer is supported by the evidence and in accordance with the law and dismisses the appeal.
 I BACKGROUND
The administrative record establishes the relevant facts in this appeal. On September 13, 2000, the plaintiff applied for Medicaid (Tittle XIX) benefits for the second time. Her first application filed on in 1999, was denied in August 2000.[1] Since the fall of 1999, the plaintiff had owned a 10 percent interest in the "Triple A Associates partnership," which in turn owns the mini-mall in question. This partnership had previously been owned by her but some years earlier had been conveyed by her to her daughter, Kathryn A. Baumgartner, who subsequently re-conveyed to the plaintiff. The department valued this CT Page 11331 interest at $100,000.00.[2] When the 90 percent owner offered to purchase the interest for $10,000, at the advice of the department, the plaintiff made a counteroffer at $100,000, which offer was rejected. Evidence was presented that the partnership agreement and its amendments required any sale to be approved by the majority owner. The plaintiff also offered to assign her partnership interest to the department, which offer was declined after consultation with the Attorney General's office.[3]
The hearing officer resolved the claims of the parties as follows:
 "While it is correct that the amendments cited require the appellant to have the approval of the 90% owner prior to the sale of her interest, nothing prevented the appellant from seeking a buyer who would be an agreeable candidate to the 90% owner of the partnership. It would be reasonable to assume that a potential buyer who was willing to provide additional operating capital for the partnership would be an acceptable business partner to the majority owner, in preference to the appellant who does not contribute operating funds or day-to-day management skills to the business. At the hearing, counsel testified that the appellant made no attempt to find a buyer for her interest in the business when she refused to sell it to the majority owner for approximately one-tenth of its value. In addition, while the partnership may have discouraged the appellant from finding a potential buyer, it had not outright denied the appellant permission to sell her interest in the open market.
 The appellant did not meet her burden to show that the 10% interest in the partnership was inaccessible."[4]
The hearing officer then affirmed the department's decision to deny benefits and the plaintiff timely appealed to this court.
 II DISCUSSION
Under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., judicial review of an agency decision is very restricted. See MacDermid, Inc. v. Department of EnvironmentalProtection, 257 Conn. 128, 136-37, 778 A.2d 7 (2001). Section 4-183 (j) of the General Statutes provides as follows:
CT Page 11332
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
1) In violation of constitutional or statutory provisions;
2) in excess of the statutory authority of the agency;
3) made upon unlawful procedure;
4) affected by other error of law;
 5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotation marks omitted.) Schallenkamp v.DelPonte, 229 Conn. 31, 40, 639 A.2d 1018 (1994). "It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted). Murphy v. Commissioner of MotorVehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000). With these criteria limiting its review of the decision on appeal in mind, the court will review the first of the two issues raised by the plaintiff.
 A. Inaccessibility
Benefits under the Medicaid program are paid pursuant to a "joint federal-state venture providing financial assistance to persons whose income and resources are inadequate to meet the cost of necessary medical care. . . ." (Citation omitted.) Burinskas v. Dept. of Social Services,240 Conn. 141, 148, 691 A.2d 586 (1997). States may elect participation in the program, but once a participant, a state must "develop a plan, approved by the secretary of health and human services, containing reasonable standards . . . for determining eligibility for and the extent CT Page 11333 of medical assistance." Id. Under General Statutes § 17b-260, the Commissioner of the Department of Social Services is authorized to take advantage of the medical assistance program provided in Title XIX of the Social Security Act, codified as 42 U.S.C. § 1396 et seq., and under § 17b-2.
Pursuant to the statutes, the department has established regulations as part of its uniform policy manual to administer the Medicaid program. General Statutes § 17b-262. Those regulations define what is meant by inaccessible. An "inaccessible" asset is defined as "an asset, which someone owns, but which, for some reason beyond his or her control, cannot readily be converted to cash." UPM § 4000.01. The burden remains with the plaintiff to demonstrate that her partnership interest is inaccessible. UPM § 4015.50A. Plaintiff cites her attempt to sell her interest to the majority owner for $100,000 and the refusal of that offer in support of her claim. She then asserts that this asset could not "readily be converted to cash, and points to the dictionary definition of "readily" to support her claim.
Her argument, the court finds, ignores the impact of her burden of proof on this claim and the evidence she presented at trial. At the hearing below before the fair hearing officer, the plaintiff admitted that the partnership interest was worth more than $1600, the eligibility limit for one person pursuant to UPM § 4005.10(A)(2). Plaintiff's counsel acknowledged that he had made no efforts to market the interest to any other prospective purchaser.[5] While plaintiff claims no one other than a related party would be interested in buying this interest, in fact the partnership articles provide that the interest may be sold to an unrelated individual, subject to a requirement of sixty days advance notice and a right of first refusal.[6] Simply asserting the practical difficulties of selling this interest, with no evidence of any attempts to do so is not adequate. The court concludes that the hearing officer correctly found the facts and applied the law with respect to this claim. Plaintiff did not meet her burden of proof to demonstrate that the asset was inaccessible to her.
 B. Detrimental Reliance and Estoppel
Plaintiff's second claim is based on a series of facts. First, she, through her counsel, asserts that in discussions with department representative during the processing of the first application, department personnel advised that the partnership interest then held by her daughter be reconveyed to her. The re-conveyance was apparently completed in November, 1999.[7] It is puzzling how plaintiff, while acknowledging though counsel that she was aware of the $1600 asset limit for CT Page 11334 eligibility, could reasonably and logically rely upon claimed department advice recommending re-conveyance of an asset worth more than the limit to establish eligibility. In addition, this claim is not properly before the court because when the first application was denied, no further steps were taken by the plaintiff to appeal the determination. No hearing was held before a fair hearing officer and no appeal taken from such a decision. Thus, the court is without jurisdiction to consider these facts with regard to the estoppel claim.
The remaining facts relied upon to advance the estoppel claim concern the valuation of the 10 percent partnership asset by the department and plaintiff's claim that the outstanding mortgage against the real estate was not considered by the department. The record reveals that the department performed a title search of the property in March, 2000 and did not find any mortgages outstanding against the property.[8]
Plaintiff did not herself through counsel perform a record check. The first reference to a mortgage is in a letter from the majority owner to plaintiff's counsel in November, 2000. Despite this reference, plaintiff did not provide a copy of the mortgage to the department or present it at the hearing. Since the burden of proof as to the value of the asset remains with the plaintiff, the court concludes that the plaintiff has not met her burden. Nothing prevented her from establishing that the assessed value of the asset should have been reduced by any mortgage indebtedness to arrive at a net value supporting the purchase offer of $10,000 for the plaintiff's 10 percent interest.
The law states that "estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." (Citations omitted.) Kimberly-ClarkCorporation v. Dubno, 204 Conn. 137, 148, 527 A.2d 679 (1987); ZoningCommission v. Lescynski, 188 Conn. 724, 731-32, 453 A.2d 1144 (1988). The court cannot find, where plaintiff has not met her burden of proof with respect to her claims, that such failure is somehow chargeable to the department. Since it was not the department's burden to establish the value of the property, the fact that they may have done so inaccurately by failing to consider an outstanding mortgage does not make the plaintiff's circumstances so oppressive or inequitable that equitable relief should be provided to her.
Plaintiff's failure to meet her burden of proof make the case at bar distinguishable from the unreported case of Gross v. Department of SocialServices, 1999 Ct. Sup. 4326, Superior Court, No. CV-98-0164993S, judicial district of Stamford-Norwalk at Stamford (Hartmere, J., April CT Page 11335 28, 1999), to which the plaintiff points in support her claim. In that case, the plaintiff argued that the department was not timely in processing her application and that she had relied upon assurances by the department concerning her application. In Gross, the plaintiff produced a letter from the caseworker establishing the advice given upon which the plaintiff relied to her detriment. The court concluded, based on the evidence, that there were "special circumstances which make it highly inequitable or oppressive" not to estop the department. Ibid. p. 4333. While not stated explicitly in the opinion, it is apparent from a review of the facts that the plaintiff in Gross had met her burden of proof and had established the facts for her estoppel claim.
Our law provides that "[i]t is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked the knowledge of the true state of things but had no convenient means of acquiring that knowledge." William Raveis RealEstate, Inc. v. Commissioner of Revenue Services, 43 Conn. App. 744, 753
(1996); Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 368 (1997). The reasonable reliance claim is unavailing to the plaintiff because she was represented throughout both her applications by counsel. The court finds that the department did not prevent counsel from exercising due diligence to ascertain the true state of matters, the applicable law and regulations. He could have determined the state of the land records, secured a certified copy of the mortgage outstanding against the property and established its net value to the department in support of the plaintiff's claim for eligibility. He could simply have sold it for $10,000, despite the department's advice to the contrary. The court concludes that many means were available to counsel to establish the claims he asserts on behalf of the plaintiff.[9] The court finds that the plaintiff did not exercise due diligence and that she has not shown those rare and special circumstances, which warrant the relief she requests.
The unreported case of Reynolds v. Department of Social Services2000 Ct. Sup. 6878, No. CV99-0079927S, Superior Court, judicial district of Litchfield at Litchfield (Dipentima, J. June 9, 2000) presents similar circumstances to the plaintiff's claim. In Reynolds the court found:
 "[w]hile the department sent notices with incorrect amounts, the notices did correctly notify the plaintiff as to his ineligibility and the need to spend his excess income on medical bills. Based upon the timing of the notices and their content, the court cannot find the plaintiff exercised due diligence to determine the department's position as to the plaintiff's ineligibility. The notices were not so misleading CT Page 11336 as to induce the plaintiff to reasonably act to incur a substantial loss."
Based on all of the foregoing, the court concludes that estoppel is not appropriate under the facts proven.
From the record and the hearing's officer's decision, the court concludes that the department's actions were not arbitrary or capricious and were amply supported by the reliable evidence in the record. Connecticut General Statutes § 4-183 (j). For all the foregoing reasons, the court sustains the actions of the department and dismisses the appeal.
BY THE COURT
__________________________ Barbara M. Quinn, Judge